UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| GURWINDER SINGH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00684-MPB-MJD |
| | ) | |
| WARDEN, | ) | |
| SAMUEL OLSON, | ) | |
| DAVID VENTURELLA, | ) | |
| MARKWAYNE MULLIN, | ) | |
| TODD BLANCHE, | ) | |
| | ) | |
| Respondents. | ) | |

**Order Denying Without Prejudice Petition for Writ of Habeas Corpus**

Petitioner Gurwinder Singh for the second time seeks a writ of habeas corpus under 28 U.S.C. § 2241 releasing him from the custody of federal immigration authorities. For the reasons explained below, the Court **denies** the petition without prejudice.

**I. Background**

Mr. Singh is a citizen of India who has been living in the United States since February 2022. On March 25, 2022, the Department of Homeland Security initiated removal proceedings against Mr. Singh under 8 U.S.C. § 1229a, charging him as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." Dkt. 1-2 at 5. He was released on an order of release on recognizance. *Id.* at 7–15.

Mr. Singh was re-arrested on August 14, 2026, and has since been detained at the Clay County Jail in Brazil, Indiana. Dkt. 1, ¶ 4. On August 17, 2026, he filed his first petition for a writ of habeas corpus challenging his detention. *Singh v. Warden, at al.*, Case No. 2:26-cv-00571-JRS-

MKK, dkt. 1. Chief Judge Sweeney denied the petition without prejudice, explaining that Mr. Singh was entitled to a bond hearing under the Seventh Circuit's decision in *Cirrus Rojas v. Olson*, 183 F.4th 909 (7th Cir. 2026), but had not yet requested one before an immigration judge. *Id.*, dkt. 13 at 2–3. Chief Judge Sweeney determined that Mr. Singh had not provided any circumstances excusing him from exhausting his administrative remedies, so he was required to do so before seeking relief in federal court. *Id.* at 3.

Mr. Singh now says he requested a bond hearing before an immigration judge, who determined that Mr. Singh is a flight risk and denied bond on September 23, 2026. Dkt. 1, ¶ 2; dkt. 1-2 at 25. Mr. Singh reserved his right to administratively appeal that decision. Dkt. 1-2 at 26. Mr. Singh challenges the immigration judge's finding as inadequate under the Due Process Clause of the Fifth Amendment and the Administrative Procedure Act. *Id.* at 16. He also challenges his arrest, which he says was made without a warrant. *Id.* at 18.

## II. Discussion

Respondents ask the Court to dismiss the petition for lack of jurisdiction, for lack of exhaustion, or alternatively as an abuse of the writ. Dkt. 7. Mr. Singh did not file a reply and has not responded to Respondent's arguments. The Court will address each basis for dismissal.

### A. Jurisdiction

Respondents cite 8 U.S.C. § 1226(e) in support of their argument that this Court lacks jurisdiction to review the immigration judge's denial of bond. Section 1226(e) provides:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

Although § 1226(e) prohibits judicial review of discretionary judgments of immigration judges, it does not deprive federal courts of jurisdiction to hear constitutional challenges to detention in

habeas cases. *See Demore v. Kim*, 538 U.S. 510, 517 (2003) ("[W]here Congress intends to preclude judicial review of constitutional claims its intent to do so must be clear. . . . Section 1226(e) contains no explicit provision barring habeas review . . . .") (internal quotation omitted); *see also Davila Moreno v. Blanche*, No. 2:26-cv-00426-JPH-MG, dkt 14, at *4–5 (S.D. Ind. July 24, 2026) (collecting cases). The Court retains jurisdiction over Mr. Singh's constitutional claims, and dismissal on this basis is not required.

**B. Exhaustion**

Respondents alternatively assert that the Court should dismiss the petition because Mr. Singh has not exhausted his administrative remedies by filing an appeal to the Board of Immigration Appeals ("BIA") and awaiting the decision. Dkt. 7 at 8.

The "general rule" is that "parties exhaust prescribed administrative remedies before seeking relief from the federal courts." *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (quoting *McCarthy v. Madigan,* 503 U.S. 140, 144–45 (1992)). No statute mandates exhaustion for aliens challenging bond determinations. *Id.* Rather, "sound judicial discretion governs." *Id.* (quoting *McCarthy,* 503 U.S. at 144). In exercising its discretion not to enforce the "general rule" of exhaustion, the Seventh Circuit has prescribed consideration of the following individual interests, which are well-recognized in Supreme Court precedent:

> (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised.

*Id.* (quoting *Iddir v. INS*, 301 F.3d 492, 498 (7th Cir. 2002)). A party seeking to be excused from exhaustion "need only show that one of the four exceptions outlined above applies." *Iddir*, 301 F.3d at 498.

Mr. Singh states without elaboration that his "due process claim raises a constitutional question," so exhaustion is not required. Dkt. 1, ¶¶ 42–43. It is true that due process claims like Mr. Singh's "are generally exempt from the exhaustion requirement because the [BIA] does not have authority to adjudicate constitutional issues." *Castaneda-Suarez v. I.N.S.*, 993 F.2d 142, 144 (7th Cir. 1993). But that exemption does not apply "when the 'petitioner's claim involves procedural errors correctable by the administrative tribunal.'" *Mojsilovic v. I.N.S.*, 156 F.3d 743, 748 (7th Cir. 1998) (quoting *Castaneda-Suarez*, 993 F.2d at 144).

This Court and others in this District have determined that a due process challenge to an immigration judge's finding that the petitioner is a flight risk presents "an issue 'correctable by the administrative tribunal.'" *Salom Arevalo v. Swearingen, et al.*, No. 2:26-cv-00653-MPB-MG, dkt. 11 at 4 (S.D. Ind. Oct. 26, 2026) (quoting *Castaneda-Suarez*, 993 F.2d at 144); *see also Guerrero Salgado v. Blanche*, No. 2:26-cv-00399-JPH-MJD, dkt. 28 at 5 (S.D. Ind. Aug. 31, 2026) (same); *Vargas Sanchez v. Olson*, No. 4:26-cv-00053-TWP-KMB, dkt. 9 at (S.D. Ind. Mar. 23, 2026) (dismissing without prejudice petition raising due process challenge that "[t]he BIA is as capable as this Court of evaluating"). Mr. Singh does not specify what errors he believes the immigration judge made at his bond hearing. But the BIA can review the record and decide whether the immigration judge's decision was supported by the evidence. If the BIA agrees with Mr. Singh, it may either remand the case for a new bond hearing or grant him release on bond. *See Rapheal v. Mukasey*, 533 F.3d 521, 530 (7th Cir. 2008). The Court recognizes this decision may not come quickly. But Mr. Singh does not argue that he will suffer prejudice awaiting the BIA's decision that warrants excusing him from exhausting his administrative remedies.

Because the BIA may grant Mr. Singh the relief he seeks in this petition, he must raise and exhaust his challenge to his bond hearing there before seeking relief in this Court. *See Gonzalez*,

355 F.3d at 1017 ("[T]he Agency should have the opportunity, without reaching the constitutional issue, to provide the petitioner the ultimate relief requested in the first instance.").[1]

**C. Abuse of the Writ**

Although the petition must be dismissed on exhaustion grounds, the Court provides this final word on abuse of the writ. Abuse of the writ takes the place of *res judicata* in habeas corpus, *Dellenbach v. Hanks*, 76 F.3d 820, 822 (7th Cir. 1996), and bars consideration of new claims raised in a successive § 2241 petition "unless the law [has] changed or new facts [have] come to light," *Arnaout v. Marberry*, 351 F. App'x 143, 144 (7th Cir. 2009). Whether a habeas petition should be dismissed as an abuse of the writ is "addressed to the sound discretion of the federal trial judges." *Sanders v. United States*, 373 U.S. 1, 18 (1963).

Respondents assert that the Court should dismiss Mr. Singh's petition as an abuse of the writ because the claim he raises in this petition "could have been, or was, resolved in the previous habeas petition." Dkt. 7 at 2 (citing *Gorbey v. Gilley*, No. 23-3344, 2024 WL 3988928, at *2 (7th Cir. 2024)). Respondents contend that only the first three paragraphs of Mr. Singh's second petition raise "new allegations not previously asserted by the Petitioner . . . and addressed by this Court." *Id.* at 3. But those paragraphs show why it is not proper to dismiss this petition as an abuse of the writ. Those paragraphs provide new facts about Mr. Singh's bond hearing and his new claim challenging the immigration judge's decision. Mr. Singh could not have raised that claim previously, and it could not have been resolved, because he had not yet received the bond hearing with which he now takes issue.

Respondents also state that Mr. Singh previously sought immediate release or an individualized bond hearing and "got the relief he requested." *Id.* at 3–4. But Chief Judge Sweeney

---

[1] Because the Court will dismiss the petition without prejudice, it will not reach Mr. Singh's claim that his arrest was warrantless. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). But the Court notes that the record shows Mr. Singh was provided an administrative warrant for his arrest. Dkt. 7-1 at 5.

dismissed Mr. Singh's first petition without prejudice on procedural grounds—he had not yet exhausted administrative remedies. Chief Judge Sweeney did not grant Mr. Singh any relief and did not decide the merits of any claim raised in his first petition. Although Mr. Singh has since received a bond hearing, he is not prohibited from continuing to seek his immediate release in this petition. There is no basis to conclude that Mr. Singh's second petition constitutes an abuse of the writ. *See Dellenbach*, 76 F.3d at 822 ("[I]t is not an abuse [of the writ] to file a successive petition if the previous petition or petitions were not denied on the merits[.]").

## III. Conclusion

Mr. Singh's second petition for a writ of habeas corpus, dkt. [1], is **dismissed without prejudice** for failure to exhaust administrative remedies.

The **clerk is directed** to enter final judgment.

**IT IS SO ORDERED.**

Dated: November 16, 2026

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Distribution:

Mantaj Hans
mantaj@gmail.com

Parvinder Kaur Nijjar
DOJ-USAO
parvinder.nijjar@usdoj.gov

Liberty L. Roberts
Church Church Hittle & Antrim
lroberts@cchalaw.com